UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ADA GABRIELA MIDENCE GARCIA,<br><br>Petitioner,<br><br>v.<br><br>ERNESTO SANTACRUZ, Field Office Director of Enforcement and Removal Operations, Los Angeles Field Office, Immigration and Customs Enforcement, et al.,<br><br>Respondents. | Case No. 5:26-cv-01803-DTB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

**I.**

**PROCEDURAL HISTORY**

On April 13, 2026, petitioner Ada Gabriela Midence Garcia ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). (Docket No. 1).

/ / /

/ / /

1

The sole claim alleged in the Petition is that Respondents did not provide Petitioner a bond hearing under 8 U.S.C. § 1226(a) in violation of Petitioner's rights under the Immigration and Nationality Act. (Petition at 6-7).[1]

On April 20, 2026 (pursuant to General Order 26-05 and Briefing Schedule, see Docket No. 4 at 2, 5), Respondents filed an Answer to the Petition, stating that: "The Respondents are not presenting an opposition argument at this time. Should the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter." (Docket No. 8).

Petitioner did not file an optional Reply.

Thus, this matter is now ready for decision. For the reasons set forth below, the Court grants the Petition.

## II.

## BACKGROUND[2]

Petitioner is a citizen of Honduras. (Petition at ¶ 19). In 2024, Petitioner entered the United States and was not apprehended upon arrival. (Id. at ¶ 5a-b). Petitioner has resided in the United States since 2024. (Id. at ¶ 19). On December 4, 2025, Petitioner was arrested in Indio, California, and was apprehended by the Department of Homeland Security ("DHS"). (Id. at ¶¶ 6, 19). DHS placed Plaintiff in removal proceedings, charging Petitioner as being inadmissible under 8 U.S.C. § 1182(a)(6)(a)(i).[3] (Id. at ¶ 6). Petitioner requested that an immigration judge review

---

[1]   For the parties' pleadings and exhibits, the Court cites to the CM/ECF pagination at the top of each page.

[2]   The Background is based solely on allegations in the Petition.

[3]   8 U.S.C. § 1182(a)(6)(A)(i) provides that: "An alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible."

2

her custody status.  (Id. at ¶ 19).  On an unspecified date, an immigration judge denied Petitioner bond because she was deemed an "applicant for admission."  (Id.).

Petitioner is detained at the Adelanto Detention Facility.  (Id. at 3, 6 (¶¶ 5a, 25)).

### III.

### LEGAL AUTHORITY

A writ of habeas corpus is "available to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A noncitizen in the custody of immigration authorities may bring a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds of their detention violates the Constitution or other federal laws.  28 U.S.C. § 2241(c)(3); Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001) (federal courts retain jurisdiction to consider habeas relief under Section 2241 for noncitizens subject to detention following an order of removal).

/ / /

/ / /

/ / /

/ / /

/ / /

## IV.

## DISCUSSION

### A.    Habeas Relief is Warranted.

Given Respondents' election not to oppose the Petition, the Court finds that Respondents consent to the arguments raised in the Petition pursuant to Central District of California Local Civil Rule ("Local Rule") 7-12.  Accordingly, the Court considers the facts and contentions alleged by Petitioner to be unopposed.

In the sole claim alleged in the Petition, Petitioner appears to contend that Respondents violated her right to procedural due process by "denying [her] a bond hearing under § 1226(a) and asserting that [s]he is subject to mandatory subject to mandatory detention under § 1225(b)(2)."  (Petition at 6-7).

### 1.    Procedural Due Process.

The Fifth Amendment provides that "[n]o person shall . . . be deprived of . . . liberty . . . without due process of law." U.S. Const. amend. V.  "The Fifth Amendment guarantees due process in deportation proceedings." Torres Aguilar v. I.N.S., 246 F.3d 1267, 1270 (9th Cir. 2001).  All persons in the United States, "including aliens, whether their presence here is lawful, unlawful, temporary, or permanent," are entitled to protection under this provision of the Constitution. Zadvydas v. Davis, 533 U.S. 678, 693 (2001). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process Clause] protects." Id. at 690; see also United States v. Salerno, 481 U.S. 739, 755 (1987) ("In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception.").

Generally, the Due Process Clause "requires some kind of a hearing *before* the State deprives a person of liberty or property." Zinermon v. Burch, 494 U.S. 113,

127 (1990) (emphasis in original).  The Due Process Clause "protects individuals against two types of government action:  violations of substantive due process and procedural due process."  <u>Regino v. Staley</u>, 133 F.4th 951, 959 (9th Cir. 2025) (citation and internal quotation marks omitted).  To determine whether detention violates procedural due process, courts frequently apply the three-factor test in <u>Mathews v. Eldride</u>, 424 U.S. 319 (1976).  <u>See</u> <u>Rodriguez Diaz v. Garland</u>, 53 F.4th 1189, 1206-14 (9th Cir. 2022) (applying <u>Mathews</u> to a due process challenge to detention based on the lack of a bond hearing for a detainee under 8 U.S.C. § 1226(a), and noting that "<u>Mathews</u> remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context"); <u>López v. Wofford</u>, Case No. 1:25-cv-01226-KES-SKO (HC), 2025 WL 2959319, at *6 (E.D. Cal. Oct. 17, 2025) (collecting cases extending <u>Mathews</u> "to the context of immigration detention").  In <u>Mathews</u>, the Supreme Court established three factors for a court to consider:  (1) "[T]he private interest that will be affected by the official action"; (2) "the risk of erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."  <u>Mathews</u>, 424 U.S. at 335.

        2.    <u>Analysis.</u>

        Petitioner alleges that she is a member of the Bond Eligible Class certified in <u>Maldonado Bautista v. Santacruz</u>, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), <u>reconsideration granted in part</u>, 813 F. Supp. 3d 1075 (C.D. Cal. 2025), <u>and amended and superseded on reconsideration</u>, 813 F. Supp. 3d 1084 (C.D. Cal. 2025) ("<u>Bautista</u>").  (Petition at ¶¶ 1, 5).  The members of the certified Bond Eligible Class are:  "All noncitizens in the United States without

5

lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." Bautista, 813 F. Supp. 3d at 1077-78.

On December 18, 2025, the court entered final judgment and granted declaratory relief to all members of the Bond Eligible Class. See Bautista, 813 F. Supp. 3d at 1084. Pursuant to the final judgment entered, the court declared that "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a)" and that "the Bond Eligible Class members are not subject to mandatory detention under § 1225(b)(2), and are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." Bautista v. Noem, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025). On February 18, 2026, the court granted a motion to enforce the declaratory judgment and vacated the Board of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025) as contrary to law under the Administrative Procedures Act. Bautista v. Santacruz, 2026 WL 468284, at *12 (C.D. Cal. Feb. 18, 2026). "On March 6, 2026, the Ninth Circuit administratively stayed the December 18, 2025 declaratory judgment in [Bautista] 'insofar as [it] extends beyond the Central District of California' pending a ruling on the Government's motion for a stay pending appeal." Castro v. Johnson, Case No. 5:26-cv-01592-PVC, 2026 WL 1104766, at *3 (citation omitted). "On March 31, 2026, the Ninth Circuit granted the government's emergency motion for a stay pending appeal as follows: (1) the Bautista court's December 18, 2025 class certification order and final judgment is stayed pending appeal, insofar as they extend beyond the Central District of California; and (2) the district court's February 18, 2026 post-

judgment order vacating <u>Matter of Yajure Hurtado</u>, 29 I. & N. Dec. 216 (BIA 2025) is stayed pending appeal." <u>Vivas v. Santacruz</u>, Case No. 5:26-cv-01926-JFW-KES, 2026 WL 1122208, at *1 (C.D. Cal. Apr. 20, 2026) (citation omitted). Therefore, "the <u>Bautista</u> court's December 18, 2025 judgment remains in place as to the Central District of California." <u>Id.</u>

As such, the declaratory judgment entered in <u>Bautista</u> has "the force and effect of a final judgment or decree." 28 U.S.C. § 2201(a); <u>see also</u> <u>Haaland v. Brackeen</u>, 599 U.S. 255, 293 (2023) ("After all, the point of a declaratory judgment is to establish a binding adjudication that enables the parties to enjoy the benefits of reliance and repose secured by res judicata.") (citation and internal quotation marks omitted). As parties to <u>Bautista</u>, Respondents are obligated to comply. <u>See</u> <u>Maness v. Meyers</u>, 419 U.S. 449, 458 (1975) ("We begin with the basic proposition that all orders and judgments of courts must be complied with promptly.").

Based on Petitioner's allegations (which Respondents do not oppose), Petitioner entered the United States without inspection and was not apprehended upon arrival, and is not subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231. (Petition at ¶ 5a-c). Consequently, pursuant to <u>Bautista's</u> declaratory judgment, Petitioner is being detained under 8 U.S.C. 1226(a), is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is entitled to an individualized bond hearing. <u>See</u> <u>Castro</u>, 2026 WL 1104766, at *3; <u>Inzuna v. Warden of Adelanto Facility</u>, 814 F. Supp. 3d 1091 (C.D. 2026) ("Because Petitioner's Habeas Petition alleges fact that place her squarely within the definition of the Bond Eligible Class, the Court is compelled to find that she is entitled to the relief she has requested as well as what is guaranteed by <u>Bautista's</u> final judgment."); <u>Guzman v. Warden</u>, Case No. 5:26-cv-00607-DFM, 2026 WL 922273, at *4 (C.D. Cal. Mar. 26, 2026) ("Petitioner, a 'Bond Eligible Class' member, is entitled to the relief provided in the

7

Bautista final judgment and the procedural protections that § 1226(a) provides, including a bond hearing.").

According to Petitioner, when she received a bond hearing, the immigration judge denied Petitioner bond because she was deemed an "applicant for admission." (Petition at ¶ 19). As such, the immigration judge considered Petitioner as subject to mandatory detention pursuant to 8 U.S.C. § 1225(b). See Jenning v. Rodriguez, 583 U.S. 281, 287 ("Under . . . 8 U.S.C. § 1225, an alien who 'arrives in the United States,' or 'is present in this country but 'has not been admitted,' is treated as 'an applicant for admission." § 1225(a)(1). Applicants for admission must 'be inspected by immigration officers to ensure that they may be admitted into the country consistent with U.S. immigration law. § 1225(a)(3). [¶] As relevant here, applicants for admission fall into one of two categories, those covered by § 1225(b)(1) and those covered by § 1225(b)(2). Section 1225(b)(1) applies to aliens initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation. See § 1225(b)(1)(A)(i) (citing §§ 1182(a)(6)(C), (a)(7)). Section 1225(b)(1) also applies to certain other aliens designated by the Attorney General in his discretion. See § 1225(b)(1)(A)(iii). Section 1225(b)(2) is broader. It serves as a catchall provision that applies to all applicants for admission not covered by §1225(b)(1) (with specific exceptions not relevant here). See §§ 1225(b)(2)(A), (B)."); Mosqueda v. Noem, Case No. 5:25-cv-02304-CAS (BFM); 2025 WL 2591530, at *1 (C.D. Cal. Sept. 8, 2025) ("Pursuant to section 1225(b)(2)(A) 'applicants for admission' who are 'seeking admission' are subject to mandatory detention.") (citation omitted). Since Petitioner, a detainee under 8 U.S.C. § 1226(a), contends that the immigration judge denied Petitioner bond based on a finding that Petitioner was subject to mandatory detention under 8 U.S.C. §

1225(b)(2) – a contention not disputed by Respondents – the Court finds that the immigration judge improperly denied bond for Petitioner.

Accordingly, Petitioner is entitled to habeas relief on her procedural due process claim.[4] Since Respondents have failed to provide the relief ordered pursuant to the final judgment in <u>Bautista</u>, despite having notice of such, the Court finds that the appropriate relief is release from custody.

## V.

## CONCLUSION

IT THEREFORE IS ORDERED that: (1) Judgment be entered granting the Petition; (2) a writ of habeas corpus be issued requiring Respondents to immediately release Petitioner from custody, and return all property confiscated from him during his arrest and processing into detention; (3) enjoining Respondents and their officers, agents, employees, attorneys and persons acting on their behalf in concert or in participation with them, from redetaining Petitioner without notice and a predetention hearing before a neutral arbiter at which the government bears the burden of proving that Petitioner is a flight risk or danger to the community; and (4) Respondents shall file a status report within two (2) business days to confirm that Petitioner has been released from custody pursuant to this Order.

DATED: May 13, 2026 _____

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court's determination that Petitioner is entitled to habeas relief on the first claim alleged in the Petition renders it unnecessary for the Court to address the other claims alleged in the Petition.